**FILED**

**September 20, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 8:34 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

David Hall,
      Employee,

v.

Randstad Staffing,
      Employer,

and

Indemnity Insurance Co. of North America,
      Insurance Carrier.

Docket No.: 2016-08-0658

State File No.: 92815-2014

Judge Jim Umsted

---

## EXPEDITED HEARING ORDER GRANTING
## MEDICAL BENEFITS

---

This case came before the undersigned Workers' Compensation Judge upon the Request for Expedited Hearing filed by the employee, David Hall, under Tennessee Code Annotated section 50-6-239 (2015). The only issue presented is whether the employer, Randstad Staffing, must provide the requested medical treatment for Mr. Hall's back injury. For the reasons set forth below, the Court holds Mr. Hall is likely to succeed at a hearing on the merits in proving entitlement to the requested medical benefits.

### History of Claim

The following facts were established at the Expedited Hearing held on September 13, 2016.[1] Mr. Hall is a thirty-seven-year-old resident of Tipton County, Tennessee. (T.R. 1.) He worked as a temporary employee for Randstad for approximately eight months. (Ex. 2.)

On November 20, 2014, Mr. Hall injured his back after lifting a box at work. He notified Randstad of the injury and received a panel of physicians from which he selected

---

[1] During the hearing, the Court also heard Mr. Hall's Motion in Limine and Motion for Sanctions, asking the Court to exclude exhibits related to any child support liens and to award attorney fees and expenses for his attorney's work in preparing and arguing the motion. The Court took the motions under advisement. Since the child support liens in question were never moved into evidence during the trial, the Court denies the motions.

Campbell Clinic as his authorized provider. He received authorized medical care from Dr. Carlos Rivera-Tavarez at Campbell Clinic, which consisted of diagnostic testing, physical therapy, medication, and lumbar spine injections, from January 16, 2015, to August 6, 2015. (Ex. 10.) Dr. Rivera-Tavarez diagnosed Mr. Hall with back pain and a lumbar disc herniation and, after extensive conservative treatment, ultimately referred him to a spine surgeon. (Ex. 10.)

Mr. Hall began treating with spine surgeon Dr. Raymond Gardocki, also at Campbell Clinic, on October 1, 2015. (Ex. 10.) Dr. Gardocki diagnosed Mr. Hall with a degenerative disc at L4-5 with discogenic pain and recommended a transforaminal epidural injection to determine whether Mr. Hall would be a reasonable candidate for surgery. (Ex. 10.) Based on the results of the injection, Dr. Gardocki recommended surgery and an EMG of Mr. Hall's left leg due to pain radiating down the leg. (Ex. 10.) Randstad denied the surgery and EMG on grounds of lack of medical necessity. (Ex. 10.)

In an office note dated April 7, 2016, Dr. Gardocki stated, "[Mr. Hall] has clear radicular symptoms in his leg. We need to objectively document that he has a radiculopathy because that will determine whether or not surgery is a reasonable option for him or not, and work comp will not let us do that." (Ex. 10.) He noted the denial left him with only one option for treatment, which involved work hardening and a functional capacity evaluation. (Ex. 10.) The functional capacity evaluation put Mr. Hall at a medium work range, so Dr. Gardocki placed him on restrictions consistent with a medium work level and opined he had reached maximum medical improvement as of June 23, 2016. (Ex. 10.) On August 11, 2016, Dr. Gardocki indicated Mr. Hall retained no permanent impairment from his work injury of November 20, 2014, which he diagnosed as degenerative disc disease with no objective radicular signs on examination. (Ex. 10.)

At the Expedited Hearing, Randstad supported its denial of the surgery and EMG by pointing to Mr. Hall's prior back injuries and treatment as well as Dr. Gardocki's comment that the surgery for Mr. Hall's condition was "mediocre at best." It also maintained that Dr. Rivera did not agree with Dr. Gardocki's recommendation for surgery, as he noted he had nothing further to offer Mr. Hall. Mr. Hall argued that no medical evidence presented at the hearing contradicted Dr. Gardocki's treatment recommendations, which possess a presumption of medically necessity.

## Findings of Fact and Conclusions of Law

### *General Legal Principles*

Mr. Hall need not prove every element of his claim by a preponderance of the evidence in order to recover temporary disability benefits at an Expedited Hearing. *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-239(d)(1) (2015).

This lesser evidentiary standard does not relieve Mr. Hall of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an Expedited Hearing, but "allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). In analyzing whether he met his burden, the Court will not construe the law remedially or liberally in his favor, but instead shall construe the law fairly, impartially, and in accordance with basic principles of statutory construction favoring neither Mr. Hall nor Randstad. *See* Tenn. Code Ann. § 50-6-116 (2015).

### *Medical Benefits*

The only issue presented to the Court was Mr. Hall's entitlement to medical benefits ordered by Dr. Gardocki. The parties agreed that Dr. Gardocki is an authorized treating physician. Pursuant to Tennessee Code Annotated section 50-6-204(a)(1)(A) (2015), "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Any treatment recommended by a physician or chiropractor selected pursuant to this subdivision (a)(3) or by referral, if applicable, shall be presumed to be medically necessary for treatment of the injured employee. Tenn. Code Ann. § 50-6-204(a)(1)(H) (2015). This presumption has not been rebutted. Moreover, even though Dr. Gardocki ultimately placed Mr. Hall at maximum medical improvement and opined he retained no permanent impairment, Mr. Hall may still be entitled to additional medical treatment, particularly considering Dr. Gardocki made these determinations without the benefit of the EMG testing he initially recommended. Accordingly, the Court finds Mr. Hall is entitled to reasonably necessary medical treatment as recommended by his authorized treating physician, Dr. Gardocki, and as required by Tennessee Code Annotated section 50-6-204 (2015).

**IT IS, THEREFORE, ORDERED** as follows:

1. Randstad or its workers' compensation carrier shall provide Mr. Hall reasonably necessary medical treatment as recommended by authorized treating physician, Dr. Gardocki, possibly including EMG and surgery, and as required by Tennessee Code Annotated section 50-6-204 (2015).

2. This matter is set for a Status Conference on November 7, 2016, at 1:00 p.m. Central time.

**ENTERED this the 20th day of September, 2016.**

_____

**Judge Jim Umsted**
**Court of Workers' Compensation Claims**

**Status Conference:**

A Status Conference has been set with **Judge Jim Umsted, Court of Workers' Compensation Claims. You must call 615-532-9550 or toll-free at 866-943-0014 to participate in the Status Conference.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or

other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request from the Court Clerk the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

<u>Technical Record:</u>[2]
1. Petition for Benefit Determination, filed on June 9, 2016;
2. Dispute Certification Notice, filed on July 13, 2016;
3. Request for Expedited Hearing, filed on August 4, 2016;
4. Response to Request for Expedited Hearing and Response in Opposition to Ruling Without Evidentiary Hearing, filed August 12, 2016;
5. Mr. Hall's Exhibit List, Witness List and Pre-Hearing Brief, filed August 29, 2016;
6. Randstad's Exhibit List, Witness List and Pre-Hearing Brief, filed August 29, 2016;
7. Mr. Hall's Motion in Limine and Motion for Sanctions, filed August 30, 2016; and
8. Randstad's Response to Mr. Hall's Motion in Limine and Motion for Sanctions, filed September 1, 2016.

<u>Exhibits:</u>
1. Mr. Hall's Affidavit;
2. Form C-41 Wage Statement;
3. Tennessee Bureau of Workers' Compensation Records;
4. Workers' Compensation Claim Questionnaire;
5. Employee's Description of Incident;
6. Child Support Liens (for identification only);
7. Medical records filed by Randstad (for identification only);
8. Collective exhibit of Campbell Clinic records not included in Randstad's submission (for identification only);
9. Collective exhibit of Baptist One Care records not included in Randstad's submission (for identification only);
10. Collective exhibit of medical records from Campbell Clinic submitted by Mr. Hall, dated between January 16, 2015, and April 7, 2016;
11. Collective exhibit of certified medical records from Campbell Clinic submitted by Mr. Hall, dated between April 7, 2016, and August 11, 2016;
12. Safety Smart Injury Checklist and related documents submitted by Randstad; and
13. Collective exhibits of medical and employment records submitted by Randstad.

---

[2] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 20th day of September, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Andrew Wener, Employee's Attorney | | | X | awener@wenerlawfirm.com |
| Blair Evans, Employer's Attorney | | | X | bevans@bakerdonelson.com chayes@bakerdonelson.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov